UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dano Sena,

           Plaintiff,      Case No. 22-cv-11493

v.                             Judith E. Levy
                              United States District Judge
T.H. Marsh Construction
Company,                  Mag. Judge Curtis Ivy, Jr.

           Defendant.

_____/

**SECOND ORDER FOR PLAINTIFF TO SHOW CAUSE
WHY THE CASE SHOULD NOT BE DISMISSED
FOR LACK OF SUBJECT MATTER JURISDICTION**

On June 30, 2022, Plaintiff Dano Sena filed the complaint in this matter, which involves an employment agreement between him and Defendant T.H. Marsh Construction Company. (ECF No. 1.) Plaintiff alleged in the complaint that the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. (*See id.* at PageID.2.) However, the Court found Plaintiff's allegations insufficient to show diversity jurisdiction because Plaintiff stated that he is a "resident" of Thailand but failed to specify his citizenship. (*Id.* at PageID.1.) Therefore, the

Court issued an order on July 21, 2022 for Plaintiff to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 4.)

In his August 3, 2022 response to the show cause order, Plaintiff states that he

> has Amended his Complaint as of right pursuant to FRCP 15 where Plaintiff has attempted to serve, but not yet successfully completed service on, Defendant as of the date of this filing. In the Amended Complaint at Paragraphs 1 and 6, Plaintiff makes clear that diversity jurisdiction is proper. Plaintiff is a resident of Thailand and a citizen of the State of Texas and Defendant is a citizen of the State of Michigan where it maintains its principal place of business and is the state of its incorporation. There exists complete diversity of citizenship between the parties. The complete diversity of citizenship of the parties shows proper subject matter jurisdiction allowing this Court to maintain this action.

(ECF No. 6, PageID.45–46.)

Plaintiff's amended complaint contains the following allegations regarding the citizenship of the parties:

> 1. Plaintiff, DANO SENA, is a resident of Phuket, Country of Thailand and citizen of the State of Texas.

> \* \* \*

> 3. Defendant T.H. Marsh Construction Company ("Marsh") is a Domestic Profit Corporation organized under the laws of

Michigan, which maintains its principal place of business and does business in City of Bloomfield Hills, Oakland County, State of Michigan as well as around the world.

* * *

6. This Court has jurisdiction of all claims pled herein pursuant to 28 U.S.C.A. §1332 as there is diversity of citizenship between the parties (Michigan and Texas) and the matter in controversy exceeds $75,000, exclusive of costs, interests, and attorney fees.

(ECF No. 5, PageID.31–32.) Having reviewed these allegations, the Court needs more information from Plaintiff to evaluate his situation for purposes of verifying that diversity jurisdiction exists under § 1332.

As the Court noted in its initial order to show cause,

> [s]ubject matter jurisdiction is a threshold matter in all federal cases. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) (stating that there is no "doctrine of 'hypothetical jurisdiction' that enables a court to resolve contested questions of law when its jurisdiction is in doubt"). Challenges to a court's subject matter jurisdiction "may be raised at any time, by any party or even *sua sponte* by the court itself." *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992) (footnote omitted) (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990)). One way in which a federal court has subject matter jurisdiction over a case is based on diversity jurisdiction. *See Miller v. Bruenger*, 949 F.3d 986, 990 (6th Cir. 2020).

(ECF No. 4, PageID.26.)

Federal district courts have diversity jurisdiction in civil cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States."[1] 28 U.S.C. § 1332(a)(1). "To establish diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Plaintiff must be, 1) a citizen of the United States, and, 2) a citizen of a particular state, different from that of which Defendant is a citizen." *Smith v. Queener*, No. 3:16-3314, 2017 WL 2821727, at *3 (M.D. Tenn. June 5, 2017) (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989)), *report and recommendation adopted*, No. 3:16-cv-03314, 2017 WL 2812905 (M.D. Tenn. June 29, 2017), *aff'd*, No. 17-5770, 2018 WL 3344176 (6th Cir. Jan. 4, 2018). "Under [28 U.S.C. § 1332], there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010); *see Washington v. Sulzer Orthopedics, Inc.*, 76 F. App'x 644, 645 (6th Cir. 2003) (stating that "complete diversity" requires "that no party share citizenship with any

---

[1] The Court noted in its first show cause order that "Plaintiff's complaint states that the amount in controversy exceeds $75,000." (ECF No. 4, PageID.27 (citing ECF No. 1, PageID.2).) This allegation appears in Plaintiff's amended complaint as well. (*See* ECF No. 5, PageID.32.) As a result, the amount-in-controversy requirement of 28 U.S.C. § 1332(a)(1) is met in this case.

4

opposing party" (citing *Safeco Ins. Co. of Am. v. City of White House*, 36 F.3d 540, 545 (6th Cir. 1994))).

The Sixth Circuit states that a person's state citizenship for purposes of the diversity requirement

> turns on "domicile." *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). "Domicile," a legal term of art, requires that a person *both* be present in a state and have "the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973).

*Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019) (emphasis in original); *Smith v. Queener*, No. 17-5770, 2018 WL 3344176, at *2 (6th Cir. Jan. 4, 2018) ("[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." (quoting *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989))). "A domicile is the place where a person dwells and which is the center of [her] domestic, social, and civil life." *Mirza v. Provision Living, LLC*, No. 21-10266, 2021 WL 1784382, at *1–2 (E.D. Mich. May 4, 2021) (alteration in original) (internal quotation marks and citation omitted). "'Residence,' in contrast, requires both physical presence and an intention to remain some

indefinite period of time, but not necessarily permanently." *Eastman v. Univ. of Mich.*, 30 F.3d 670, 673 (6th Cir. 1994) (citing *Black's Law Dictionary* at 1308–09; *Martinez v. Bynum*, 461 U.S. 321, 330–31 (1983)).

The Sixth Circuit indicates that presence in a state is not required for that state to be an individual's domicile: "[D]omicile is an individual's permanent place of abode *where he need not be physically present*, and residence is where the individual is physically present much of the time. An individual consequently may have several residences, but only one domicile." *Eastman*, 30 F.3d at 673 (emphasis added); *see Miss. Band of Choctaw Indians*, 490 U.S. at 48 (stating that "one can reside in one place but be domiciled in another" (internal citation omitted)). Yet "[i]t is assumed . . . that a person's current residence is also his domicile." 13E Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3612 (3d ed. 2022). Courts evaluating an individual's domicile "frequently take[ ] into account" the following factors:

> the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity.

* * *

No single factor is conclusive on the subject.

*Id.*

"[D]iversity of citizenship is assessed at the time the action is filed." *Kendall v. DeLong*, No. 20-5573, 2020 WL 9813548, at *2 (6th Cir. Dec. 1, 2020) (quoting *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)). Therefore, "the relevant time for determining the existence of a domicile at a particular location for purposes of diversity of citizenship jurisdiction is at the time that suit is commenced by the filing of the complaint." *Smith v. Smith*, 526 F. Supp. 3d 263, 270 (E.D. Mich. 2021) (citing 13E Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3612 (3d ed. 2022)), *reconsideration denied*, No. 19-10330, 2021 WL 5629979 (E.D. Mich. Dec. 1, 2021).

Moreover, "U.S. citizens domiciled abroad are 'stateless persons' who cannot invoke diversity jurisdiction in federal courts." *FCA US LLC v. RightThing, LLC*, No. 16-14282, 2018 WL 6695841, at *2 (E.D. Mich. Dec. 20, 2018) (quoting *Nat'l Enters., Inc. v. Smith*, 114 F.3d 561, 566 (6th Cir. 1997)); *see Smith*, 2017 WL 2821727, at *3 (concluding that the plaintiff's "domicile in Bermuda renders her 'stateless' for the purposes

of determining diversity jurisdiction" and that she "simply cannot establish diversity of citizenship with Defendant under 28 U.S.C. § 1332 because she is not a citizen of any state" (citing *Newman-Green*, 490 U.S. 828; *Nat'l Enters., Inc.*, 114 F.3d at 566)).

In this case, Plaintiff states in his response to the show cause order and his amended complaint that he is a resident of Thailand and a citizen of Texas. Plaintiff provides no information that allows the Court to evaluate his domicile as it relates to diversity jurisdiction under § 1332. Accordingly, Plaintiff is ordered to show cause, in writing, why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff is directed to provide information to the Court that will allow it to analyze the issue of his domicile for purposes of diversity jurisdiction. *See* 13E Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3612 (3d ed. 2022) ("The district court has very broad discretion to determine the manner in which the issue of domicile will be considered."). Plaintiff's response is due on or before **August 19, 2022**.

IT IS SO ORDERED.

Dated: August 5, 2022  s/Judith E. Levy
Ann Arbor, Michigan  JUDITH E. LEVY
 United States District Judge

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 5, 2022.

                                          s/William Barkholz
                                          WILLIAM BARKHOLZ
                                          Case Manager