UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANO SENA,

        Plaintiff,

-v-

T.H. MARSH CONSTRUCTION
COMPANY, a Michigan corporation,

        Defendant,
_____/

Case No.5:22-cv-11493
Hon. Judith E. Levy
Magistrate Judge Curtis Ivy, Jr

BOGAS & KONCIUS P.C.
Brian E. Koncius (P69278)
Attorneys for Plaintiff
31700 Telegraph Road, Suite 160
Bingham Farms, MI  48025
(248) 502-5000
bkoncius@kbogaslaw.com
office@kbogaslaw.com
_____/

## PLAINTIFF'S RESPONSE TO SECOND ORDER TO SHOW CAUSE

Plaintiff received a Second Order to Show Cause by August 19, 2022 why this case should not be dismissed for lack of subject matter jurisdiction.  Plaintiff responds as follows:

In Plaintiff's response to the First Order of the Court, Plaintiff had Amended his Complaint as of right pursuant to FRCP 15 where Plaintiff had attempted to serve, but not yet successfully completed service on, Defendant as of the date of that

1

filing.  (To date, Defendant has not been able to be served as a process server was unable to locate the business at the address listed in its records with the State of Michigan.)  In the Amended Complaint at Paragraphs 1 and 6, Plaintiff stated, in part, that Plaintiff is a **citizen of the State of Texas** and Defendant is a **citizen of the State of Michigan** and that this complete diversity of citizenship of the parties shows proper subject matter jurisdiction allowing this Court to maintain this action.

     Plaintiff's counsel apologizes for any confusion to the Court regarding the previous filing.  In hopes of resolving the confusion it is worth noting that Plaintiff's career and special talents causes him to travel for work frequently and may result in him being away from the State of Texas for long periods of time on assignments, as was the case when working for Defendant in this matter in Saudi Arabia.  At that time, Plaintiff would, in his limited time away from work and so as to not travel such great distances (Thailand is approximately ½ the distance from Saudi Arabia as Texas), reside in his vacation condo in Thailand when he was able to find time away from work during his employment with Defendant.  However, to be clear and to identify relevant factors in establishing Texas as a place of citizenship and domicile for Plaintiff, Plaintiff states as follows:  Plaintiff pays taxes as a citizen of the State of Texas; Plaintiff plans to return to the State of Texas at the end of his current work placement; Plaintiff has family in the State of Texas and enjoys and has enjoyed the normal aspects of human life and activity in the State of Texas; and Plaintiff

maintains a US bank account - which was established in Hawaii some time ago and has not been changed as the nature of banking at present is primarily based online and not in physical branches. Plaintiff, for the reasons stated above, asks this Honorable Court to not dismiss the Complaint for lack of subject matter jurisdiction where he has shown complete diversity of citizenship between the parties, established proper subject matter jurisdiction and to allow this action to properly proceed in front of the Honorable Judith E. Levy in the United States Court for the Eastern District of Michigan.

                                      Respectfully submitted,

                                      BOGAS & KONCIUS P.C.

                                      By:    /s/Brian E. Koncius
                                                  BRIAN E. KONCIUS (P69278)
                                                  Attorneys for Plaintiff
                                                 31700 Telegraph Road, Suite 160
                                                 Bingham Farms, MI 48025
Dated: August 18, 2022              (248) 502-5000