UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dano Sena,

          Plaintiff,      Case No. 22-cv-11493

v.                             Judith E. Levy
                              United States District Judge
T.H. Marsh Construction
Company,                    Mag. Judge Curtis Ivy, Jr.

          Defendant.

_____/

**ORDER EXTENDING THE DEADLINE FOR PLAINTIFF TO RESPOND TO THE COURT'S SECOND ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THE CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION [7]**

On June 30, 2022, Plaintiff Dano Sena filed the complaint in this matter, which involves an employment agreement between him and Defendant T.H. Marsh Construction Company. (ECF No. 1.) Plaintiff alleged in the complaint that the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. (*See id.* at PageID.2.) On July 21, 2022, the Court issued an order for Plaintiff to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction (ECF

No. 4), given that Plaintiff stated in the complaint that he is a "resident" of Thailand but failed to specify his citizenship. (ECF No. 1, PageID.1.)

On August 5, 2022, the Court issued a second order for Plaintiff to show cause as to why the case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 7.) In that order, the Court noted that Plaintiff stated in his response to the Court's first show cause order and his amended complaint that he is a resident of Thailand and citizen of Texas. (*See* ECF No. 7, PageID.48–49 (quoting ECF No. 5, PageID.31–32; ECF No. 6, PageID.45–46).) The Court determined that it "need[ed] more information from Plaintiff to evaluate his situation for purposes of verifying that diversity jurisdiction exists under § 1332." (*Id.* at PageID.49.) The Court stated in its second show cause order that

> Plaintiff provides no information that allows the Court to evaluate his domicile as it relates to diversity jurisdiction under § 1332. Accordingly, Plaintiff is ordered to show cause, in writing, why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff is directed to provide information to the Court that will allow it to analyze the issue of his domicile for purposes of diversity jurisdiction. *See* 13E Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3612 (3d ed. 2022) ("The district court has very broad discretion to determine the manner in which the issue of domicile will be considered."). Plaintiff's response is due on or before **August 19, 2022**.

(*Id.* at PageID.54 (emphasis in original).)

On August 18, 2022, Plaintiff filed a response to the second show cause order that states in relevant part:

> Plaintiff's career and special talents causes [sic] him to travel for work frequently and may result in him being away from the State of Texas for long periods of time on assignments, as was the case when working for Defendant in this matter in Saudi Arabia. At that time, Plaintiff would, in his limited time away from work and so as to not travel such great distances (Thailand is approximately ½ the distance from Saudi Arabia as Texas), reside in his vacation condo in Thailand when he was able to find time away from work during his employment with Defendant. However, to be clear and to identify relevant factors in establishing Texas as a place of citizenship and domicile for Plaintiff, Plaintiff states as follows: Plaintiff pays taxes as a citizen of the State of Texas; Plaintiff plans to return to the State of Texas at the end of his current work placement; Plaintiff has family in the State of Texas and enjoys and has enjoyed the normal aspects of human life and activity in the State of Texas; and Plaintiff maintains a US bank account - which was established in Hawaii some time ago and has not been changed as the nature of banking at present is primarily based online and not in physical branches. Plaintiff, for the reasons stated above, asks this Honorable Court to not dismiss the Complaint for lack of subject matter jurisdiction where he has shown complete diversity of citizenship between the parties,[1] established

---

[1] Plaintiff states in his amended complaint and his response to the second show cause order that Defendant is a citizen of Michigan. (*See* ECF No. 5, PageID.32; ECF No. 7, PageID.48–49; ECF No. 8, PageID.57.)

3

> proper subject matter jurisdiction and to allow this action to properly proceed in front of the Honorable Judith E. Levy in the United States Court for the Eastern District of Michigan.

(ECF No. 8, PageID.57–58.) However, the Court still needs information from Plaintiff to evaluate his situation for purposes of verifying that diversity jurisdiction exists under § 1332 because the information in his response to the second show cause order (1) does not clearly relate to the proper time frame and (2) is insufficient to establish that his domicile is Texas.

It is unclear whether Plaintiff's assertions regarding his domicile in Texas relate to the appropriate time frame. The Court's second show cause order states that "the relevant time for determining the existence of a domicile at a particular location for purposes of diversity of citizenship jurisdiction is at the time that suit is commenced by the filing of the complaint." (ECF No. 7, PageID.53 (quoting *Smith v. Smith*, 526 F. Supp. 3d 263, 270 (E.D. Mich. 2021)).) But the information Plaintiff provides regarding his domicile might not describe his situation as it existed when the complaint was filed on June 30, 2022.

As noted, Plaintiff states in his response to the second show cause order that when he was

4

> working for Defendant in this matter in Saudi Arabia[,] . . . Plaintiff would, in his limited time away from work and so as to not travel such great distances (Thailand is approximately ½ the distance from Saudi Arabia as Texas), reside in his vacation condo in Thailand when he was able to find time away from work during his employment with Defendant.

(ECF No. 8, PageID.57.) Plaintiff then provides certain details to establish his citizenship in Texas but does not provide a time frame for this information. To the extent the details describe his situation as it existed when he worked for Defendant, they predate the filing of the complaint because he appears to allege in the amended complaint that his employment with Defendant ended in March 2021. (*See* ECF No. 5, PageID.34.) Therefore, it is unclear whether Plaintiff was domiciled in Texas when he filed the complaint in this case.

Even if the details Plaintiff provides in his response to the second show cause order relate to when the complaint was filed, they are insufficient to establish that he is a citizen of Texas. Plaintiff states that he pays taxes "as a citizen of the State of Texas," plans to return to Texas "at the end of his current [unspecified] work placement," has family in Texas, "enjoys and has enjoyed the normal aspects of human life and activity" in Texas, and maintains a U.S. bank account that he

5

"established in Hawaii some time ago and has not . . . changed as the nature of banking at present is primarily based online and not in physical branches." (ECF No. 8, PageID.57–58.) The second show cause order notes that courts consider the following factors in evaluating an individual's domicile:

> the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity.
>
> * * *
>
> No single factor is conclusive on the subject.

(ECF No. 7, PageID.52–53 (alteration in original) (quoting 13E Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3612 (3d ed. 2022)).)

Plaintiff's response to the second show cause order appears to address only one of the factors listed above—payment of taxes—which is insufficient on its own to establish domicile, especially considering Plaintiff's allegation in the amended complaint that he resides in Thailand. (*See* ECF No. 5, PageID.31; ECF No. 7, PageID.52 ("It is

6

assumed . . . that a person's current residence is also his domicile." (quoting 13E Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3612 (3d ed. 2022)).) Plaintiff's statement that he plans to return to Texas in the future is also insufficient to establish that he is currently domiciled in Texas. *See Smith v. Queener*, No. 3:16-3314, 2017 WL 2821727, at *3 (M.D. Tenn. June 5, 2017) ("Plaintiff's stated intention to permanently move to Alabama at some point in the future is an insufficient basis upon which to establish a current domicile in that state." (citing *Gilbert v. David*, 235 U.S. 561, 570 (1915))), *report and recommendation adopted*, No. 3:16-cv-03314, 2017 WL 2812905 (M.D. Tenn. June 29, 2017), *aff'd*, No. 17-5770, 2018 WL 3344176 (6th Cir. Jan. 4, 2018); *Smith*, 2018 WL 3344176, at *2 ("Smith's current domicile is Bermuda and allegations of future plans or economic ties to Alabama do not change her current location."). In addition, Plaintiff's assertion that he has a U.S. bank account he opened in Hawaii does not support a finding that he is domiciled in Texas.

At this point, the Court lacks information about the majority of the factors listed above that relate to domicile: voter registration and voting practices; situs of personal and real property; membership in unions,

7

fraternal organizations, churches, clubs, and other associations; place of employment or business; and driver's license and automobile registration. This list is not exhaustive; however, Plaintiff fails to provide information about "other aspects of human life and activity" that support a conclusion regarding his domicile. 13E Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3612 (3d ed. 2022). Therefore, the Court cannot evaluate Plaintiff's situation for purposes of determining his domicile, and it cannot conclude that his domicile is Texas.

Accordingly, the Court extends the deadline for Plaintiff to respond to the Court's second show cause order. (ECF No. 7.) By **September 9, 2022**, Plaintiff must supplement his response to the second show cause order with a declaration signed by Plaintiff that demonstrates that his domicile is Texas. The declaration must address the issues presented in the Court's second show cause order, as well as the issues identified in this order regarding the time frame and sufficiency of the information provided by Plaintiff in his response to the second show cause order. Along with the declaration, Plaintiff may submit any additional evidence that will (1) allow the Court to analyze the issue of his domicile for

purposes of diversity jurisdiction and (2) show why this case should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated: August 30, 2022         s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                                       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 30, 2022.

                                         s/William Barkholz
                                         WILLIAM BARKHOLZ
                                         Case Manager